# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN J. SCHROEDER, | CASE NO. 1:09-cv-00883 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| C. HUCKABAY, et al., | (Doc. 1) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(g) |

**Screening Order**

**I.   Screening Requirement**

Plaintiff Alvin J. Schroeder, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 19, 2009.  Plaintiff filed consent to the jurisdiction of a United Magistrate Judge on May 28, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Summary of Plaintiff's Claim**

Plaintiff, who is housed at Pleasant Valley State Prison, brings this action against Correctional Counselor II C. Huckabay, Appeals Coordinator G. Duran, and Warden James A. Yates. Plaintiff alleges that defendants Huckabay and Duran are destroying, losing, and/or failing to process his inmate appeals. Plaintiff states that defendant Yates is responsible for the employees in the inmate appeals office. Plaintiff alleges that all defendants are failing to properly adjudicate his inmate appeals. Plaintiff alleges a violation of due process.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's allegations concerning the appeals process and its deficiencies "[do] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 484-86; Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). Because Plaintiff does not have a liberty interest at stake with respect to the inmate appeals process, Plaintiff's allegations do not give rise to a claim for relief under section 1983 for violation of the Due Process Clause.

**III.    Conclusion and Order**

Plaintiff's complaint fails to state a claim for denial of due process. Because his claim is not curable through amendment, the Court does not grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim

under section 1983, and this dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

    **Dated:**   **September 23, 2009**              **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE